IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01942-PAB

MICHELE DEANGELIS,

    Plaintiff,

v.

MARSHALL J. CURRIER,
JEREMY MCINNIS (a/k/a J R MCINNIS; J D MCINNIS), and
J. R. TOWING (a/k/a JD TOWING; J R TOWING, INC),

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff Michele Deangelis' Complaint and Jury Demand [Docket No. 1]. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 7.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The facts presently alleged are insufficient to establish any party's citizenship.

Plaintiff's complaint states that plaintiff "is and has been a resident of the State of Washington, during all relevant times" and that her address is "463 Lakenes Rd., Quilcene, WA, 98376." Docket No. 1 at 1, ¶¶ 1-2. These allegations do not establish plaintiff's citizenship for purposes of diversity jurisdiction. Domicile, not residency or

2

mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Further, plaintiff has failed to adequately allege the citizenship of any of the defendants. First, the Court reads plaintiff's averments "[b]ased on information and belief" to mean that plaintiff does not have affirmative knowledge as to any of her allegations regarding the defendants' citizenship. *See* Docket No. 1 at 1, ¶¶ 3-5. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

Further, plaintiff's specific citizenship allegations are deficient as to each defendant. Plaintiff states that, "[b]ased on information and belief, Defendant Marshall J. Currier [sic], with an address of 1230 CR 600, Pagosa Springs, CO 81147." Docket No. 1 at 1, ¶ 3. Although plaintiff associates Mr. Currier with an address in Colorado, plaintiff does not allege that Mr. Currier is domiciled at that address. *See id.* Even if

3

the Court were to assume that Mr. Currier lives at that address, plaintiff's allegation would still be insufficient to establish Mr. Currier's state citizenship. As set out above, allegations of mere residency may not be equated with citizenship for purposes of diversity jurisdiction. *Whitelock*, 460 F.2d at 514.

Plaintiff alleges that, "[b]ased on information and belief, Defendant Jeremy McInnis . . . owns the tow truck and tow truck company for whom Defendant Currier was working when he caused the injuries alleged herein through negligence, which business is located at 109 Trinity Lane, Pagosa Springs, CO 81147." Docket No. 1 at 1, ¶ 4. Plaintiff's statement contains no allegation that Mr. McInnis is a citizen of Colorado. As stated above, an individual's state citizenship is equivalent to domicile, which is determined by that person's physical presence in a state and an intent to remain there. *Cummings*, 445 F.3d at 1260. Plaintiff's allegation that Mr. McInnis owns a business in Colorado is insufficient to establish that he is a Colorado citizen. *See Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . [and] payment of taxes.").

Finally, plaintiff contends that, "[b]ased on information and belief, Defendant J.R. Towing . . . has its primary place of business at 109 Trinity Lane, Pagosa Springs, CO 81147." Docket No. 1 at 1, ¶ 5. Plaintiff does not specify what type of entity J.R. Towing is. This information is critical to the Court's jurisdictional analysis because, while a corporation is deemed to be a citizen of "every State and foreign state by which

it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the citizenship of other business entities is determined differently. For example, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

The allegation that "J.R. Towing is also known as J.R. Towing, Inc." is insufficient to establish that J.R. Towing is a corporation. *See Aeron Lifestyle Tech., Inc. v. Changzhou AL-RO/AIM Elec. & Tech. Inc.*, 2013 WL 12149712, at *1 (S.D. Iowa June 14, 2013) ("Although the caption contains the notation "Inc." after Changzhou, this Court cannot tell from the Notice of Removal . . . what type of entity Changzhou is, and whether jurisdiction is proper."). Even if the Court were to assume that J.R. Towing is a corporation, plaintiff has not properly alleged its citizenship because she has not alleged its state of incorporation. *See* Docket No. 1 at 1, ¶ 5.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of any party and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **July 19, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED July 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge