IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01942-PAB

MICHELE DEANGELIS,

    Plaintiff,

v.

MARSHALL J. CURRIER,
JEREMY MCINNIS (a/k/a J R MCINNIS; J D MCINNIS), and
J. R. TOWING (a/k/a JD TOWING; J R TOWING, INC),

    Defendants.

---

## SECOND ORDER TO SHOW CAUSE

---

This matter is before the Court on plaintiff's Response to Order to Show Cause [Docket No. 7] filed on July 19, 2019. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 7.

Plaintiff filed this lawsuit on July 3, 2019. Docket No. 1. On July 9, 2019, the Court ordered plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Docket No. 5 at 5. The Court noted that plaintiff's allegations were insufficient to determine whether the Court has jurisdiction over plaintiff's claims because (1) plaintiff alleged her residency, rather than her domicile, in an attempt to establish her own citizenship; (2) plaintiff's allegations as to defendants' citizenship were based "on information and belief," which demonstrated a lack of affirmative knowledge as to defendants' citizenship; (3) plaintiff had failed to allege the domicile of Mr. Currier; (4) plaintiff's allegation that Mr. McInnis owns a company in

Colorado was insufficient to establish his citizenship; and (5) plaintiff had failed to establish what type of entity defendant J.R. Towing is and had failed to adequately plead its citizenship. *Id.* at 2-4.

Plaintiff filed her response to the Court's show cause order on July 19, 2019. Docket No. 7. Plaintiff simultaneously filed a Notice of Filing Amended Complaint and Jury Demand. Docket No. 6. Plaintiff states that "[t]he Amended Complaint and Jury Demand, attached to Plaintiff's Notice of Filing Amended Complaint and Jury Demand as Exhibit 1, satisfactorily allege[s] the citizenship of all Parties and demonstrates that this Court does have subject matter jurisdiction." Docket No. 7 at 1, ¶ 4. In the amended complaint, plaintiff states that she "is and has been a citizen of the State of Washington, during all relevant times." Docket No. 6-1 at 1, ¶ 1. She further states that "Defendant J.R. Towing, Inc. is a registered Colorado Corporation, organized in the State of Colorado, with its primary place of business at 109 Trinity Lane, Pagosa Springs, CO 81147." *Id.* at 2, ¶ 11. Finally, she has amended her allegations as to the individual defendants to remove the introductory phrase "[b]ased on information and belief" and now alleges that Mr. Currier and Mr. McInnis are both citizens of Colorado. *Id.* at 1, ¶¶ 3, 5.

While the Court finds plaintiff's new allegations sufficient to establish the citizenship of J.R. Towing and plaintiff,[1] the Court is still unable to determine the

---

[1] Because plaintiff's allegation goes to her own citizenship, the Court will credit the allegation because it is not contradicted by the record. *Cf. Washington v. Hovensa LLC*, 652 F.3d 340, 347 (3d Cir. 2011) (holding that district court should have considered plaintiff's statement of intent to remain in purported domicile in determining plaintiff's citizenship when the statement was supported by, not contradicted by, the record).

citizenship of Mr. Currier or Mr. McInnis. Although plaintiff has removed the phrase "[b]ased on information and belief" and now alleges that Mr. Currier is a citizen of Colorado, Docket No. 6-1 at 1, ¶ 3, plaintiff has set forth no additional evidence of Mr. Currier's citizenship beyond his purported Colorado address, which was included in plaintiff's original complaint. This amendment does not convince the Court that plaintiff has obtained affirmative knowledge as to Mr. Currier's citizenship and is insufficient to allow the court to determine Mr. Currier's citizenship. *Cf. Bryant v. ABM Parking Servs.*, 2017 U.S. Dist. LEXIS 41698, at *3-4 (C.D. Cal. Mar. 21, 2017) (ruling that the mere deletion of "information and belief" allegations, with "no change in the nature of the case" and no "subsequent pleadings or papers which might provide a basis for a second removal" was insufficient to support successive removal).

As stated in the Court's first show cause order, even if the Court were to assume that Mr. Currier lives at that address, plaintiff's allegation would still be insufficient to establish Mr. Currier's state citizenship. *See* Docket No. 5 at 3-4. Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Merely amending the complaint to now allege that Mr. Currier is a citizen of Colorado, with no evidentiary basis for that allegation, is insufficient for plaintiff to satisfy her burden of establishing the Court's

citizenship. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'")).

Moreover, plaintiff's amended complaint now alleges that "Defendant J.D. McInnis is a citizen of Colorado." Docket No. 6-1 at 1, ¶ 5. To support this allegation, plaintiff states that Mr. McInnis' "address is 65 Square Top Circle, Pagosa Springs, Colorado." *Id.*, ¶ 6. Plaintiff has also removed any use of the phrase "based on information and belief" in her allegations of Mr. McInnis' citizenship. *See id.* at 1-2.

For the reasons set out in the Court's first order to show cause, this allegation is insufficient to determine Mr. McInnis' citizenship. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. Plaintiff's allegation that Mr. McInnis has a Colorado address is insufficient to determine whether he is a Colorado citizen. *See Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . [and] payment of taxes."); *see also Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (unpublished) ("[A] person may own property in a state without either

4

being a state resident or intending to remain there.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of Mr. Currier and Mr. McInnis or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **August 2, 2019**, plaintiff shall show cause why the case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED July 25, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge